THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00089-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| JERMAUL QUINCHON ROBBS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Modify Sentence" [Doc. 35] and Defendant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 38].

## I.   BACKGROUND

Defendant Jermaul Quinchon Robbs ("Defendant") pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  [Doc. 1: Bill of Indictment; Doc. 16: Plea Agreement; Doc. 18: Acceptance and Entry of Guilty Plea].  On April 1, 2021, he was sentenced to a term of imprisonment of 60 months to "be consecutive to any undischarged term of imprisonment imposed by any state or federal court … including any sentence imposed by the state court for the charges

set forth in the presentence report." [Doc. 29 at 2]. The Court entered the Judgment on April 2, 2021. [Id. at 1]. Defendant did not appeal. On July 21, 2024, Defendant moved the Court to modify his federal sentence, which he complains is invalid under § 924(c) and Dean v. United States, 581 U.S. 62, 137 S.Ct. 1170 (2017). [Docs. 35, 35-1 at 2].

Because it appeared that Defendant sought to challenge the legality of his sentence under 28 U.S.C. § 2255, the Court provided Defendant with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intended to recharacterize his motion as a motion pursuant to 28 U.S.C. § 2255. [Doc. 37]. The Court afforded Defendant the opportunity to advise the Court whether he agrees or disagrees with this recharacterization of the motion. [Id. at 2, 4-5]. In so doing, the Court advised Defendant that if the Court construes this motion as one brought pursuant to § 2255, it would be his first § 2255 petition, which would mean that before he can thereafter file a second or successive § 2255 petition, Defendant must receive certification from the United States Court of Appeals for the Fourth Circuit. [Id. at 2-3]. Moreover, in determining whether he agrees or disagrees with this recharacterization, the Court instructed Defendant to consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255 and that Defendant's motion appeared untimely because

his conviction became final for purposes of § 2255(f) on April 16, 2021, and he did not mail his motion until July 2024. [Id. at 3]. The Court, therefore, instructed that Defendant's motion would be subject to dismissal unless Defendant could show another subsection of § 2255(f) or equitable tolling applies. [Id. at 4].

Defendant timely responded by filing an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Docs. 38, 38-1]. As grounds, Defendant argues that his attorney was ineffective for "lead[ing] him to plea to an invalid plea that is contrary to the plain language of the 924(c) statute as articulated in Dean" and generally for "failing to advise him of relevant case law of the Supreme Court." [Doc. 38-1 at 1, 3; see Doc. 38 at 4]. Defendant now argues that equitable tolling applies to save his petition because (1) he "mounted the claim immediately upon learning what Dean entailed and how it would have affected the outcome of his plea and sentence"; (2) his attorney was "disinterest[ed] in pursuing a direct appeal and/or examining any possible sentencing errors"; and (3) COVID-19 "protocols and measures" hindered the ability to research, access the courts and legal materials, and to communicate with legal aid services. [Doc. 38-1 at 6]. For relief, Defendant asks the Court to order that his federal time served be credited toward his state sentence. [Id.].

3

## II. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted, Defendant's conviction became final for purposes of Section 2255(f) on April 16, 2021, fourteen days after judgment was entered, see Fed. R. App. P. 4(b), and the one-year period of limitations under Section

2255 expired on April 16, 2022. Because Defendant did not mail his Section 2255 motion to vacate until on or about July 21, 2024, it is untimely. [See Doc. 35-1 at 2]. In his pending Amended Motion to Vacate, Defendant argues that he should be entitled to equitable tolling. [Doc. 38-1 at 3, 5-6].

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Defendant argues that the limitations period should be equitable tolled because he "mounted the claim" as soon as he learned about how Dean affected his plea and sentence, his attorney was "disinterest[ed]" in appealing or examining sentencing errors, and the COVID-19 pandemic

hindered his access to legal materials and ability to communicated with legal aid services. [Doc. 38-1 at 6].

The Court finds that Defendant has failed to meet the strict requirements for equitable tolling. That is, Defendant has not shown with any particularity or specificity that he was prevented from timely filing his motion to vacate. Rather, he vaguely points to his attorney's "disinterest" and "protocols and measures" imposed during COVID-19 pandemic. While the pandemic certainly disrupted prison operations and procedures and resulted in lockdowns and precautions that further restricted prisoners' movements, Defendant has not shown in any regard that he was prevented from filing his motion to vacate on time or that he was diligently pursuing his rights. Moreover, ignorance of the law is not grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Accordingly, even if Dean otherwise afforded Defendant some relief, Defendant's ignorance of this 2017 case until recently does not toll the limitations period.

As such, Defendant's claim is untimely under § 2255(f) and he has not shown that equitable tolling should apply. The Court will, therefore, dismiss Defendant's motion to vacate.

## III. CONCLUSION

For the reasons stated herein, Defendant's Amended Section 2255 motion is untimely and is denied and dismissed.

The Court further finds that Defendant has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Defendant has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Modify Sentence [Doc. 35] is **DENIED** as moot and Defendant's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 38] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 12, 2024

Martin Reidinger
Chief United States District Judge